# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0660, <u>In the Matter of Michael Speight and Amanda Kaelblein</u>, the court on December 26, 2023, issued the following order:**

The petitioner's motion to "strike appellee's brief" and amended motion to strike are granted only as to those documents in the respondent's appendix that were not introduced in the trial court, and to the references to such documents in the respondent's brief. <u>See</u> <u>Lake v. Sullivan</u>, 145 N.H. 713, 717 (2001) ("On appeal, we consider only evidence and documents presented to the trial court."). In all other respects, the motion to strike and amended motion to strike are denied. Likewise, the respondent's request in her brief that we strike the petitioner's brief and appendices is granted only with respect to those documents the petitioner has submitted on appeal that were not before the trial court, and to references to those documents in the petitioner's brief. <u>See</u> <u>id</u>. In all other respects, the respondent's request to strike is denied.

The petitioner's motion for "summary judgment" is denied. "Summary judgment" is available from the <u>trial court</u> in the exercise of its civil jurisdiction, not from this court in the exercise of its appellate jurisdiction. <u>See</u> RSA 491:8-a (2010) (governing entry of summary judgment by superior court); RSA 502-A:27-c (2010) (empowering district courts to grant motions for summary judgment in accordance with RSA 491:8-a); <u>see</u> <u>also</u> RSA 490-F:3 (Supp. 2022) (granting circuit court the jurisdiction, powers, and duties conferred upon the former district courts). To the extent the petitioner is really seeking "summary reversal," summary disposition is not available in a mandatory appeal. <u>See</u> <u>Sup. Ct. R.</u> 25(1) ("<u>Except in a mandatory appeal</u>, the supreme court may at any time, on its own motion and without notice or on such notice as it may order, dispose of a case, or any question raised therein, summarily." (emphasis added)); <u>Sup. Ct. R.</u> 25(6) ("In a mandatory appeal, no motions for summary affirmance or summary reversal shall be filed. No such motion shall be considered or acted upon by the court.").

The petitioner's motion to amend his reply brief is denied. We note that the petitioner filed the motion to amend his reply brief several months after he filed his reply brief, and that he does not articulate how he is requesting that the reply brief be "amended," or why he could not have included the substance of the factual assertions in the motion in his reply brief.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u>

Sup. Ct. R. 20(2).  The petitioner, Michael Speight (father), appeals an order of the Circuit Court (Alfano, J.) dismissing his parenting petition against the respondent, Amanda Kaelblein (mother), following a hearing, for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), RSA chapter 458-A.  We construe the father's brief to argue that the trial court erred because, for purposes of the UCCJEA, New Hampshire was the child's "home state" when he filed his petition, and because a different judge of the Circuit Court (Steckowych, J.) denied an earlier motion to dismiss for lack of jurisdiction.  We affirm.

Under the UCCJEA, a New Hampshire court has jurisdiction to make an "initial child-custody determination" when, among other circumstances, (1) New Hampshire is the child's "home state" at the time the proceeding commences; (2) New Hampshire was the child's "home state" within six months prior to the commencement of the proceeding and a parent or person acting as a parent continues to live in New Hampshire; or (3) "no other state is the child's home state or the court in the child's home state has declined jurisdiction, and the child and at least one parent has a significant connection to the state and substantial evidence concerning the child is present in the state."  In the Matter of Yaman & Yaman, 167 N.H. 82, 87 (2014); RSA 458-A:12, I(a) and (b) (2018).  Similarly, the UCCJEA provides jurisdiction to a New Hampshire court to modify an existing child-custody determination made by the court of another state only if the New Hampshire court "meets the criteria for jurisdiction under RSA 458-A:12 and 'the other state determines it no longer has exclusive, continuing jurisdiction or that a court of [New Hampshire] would be a more convenient forum,'" Yaman, 167 N.H. at 88 (quoting RSA 458-A:14, I (2018) (ellipsis omitted), "or a court of either state 'determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state,'" id. (quoting RSA 458-A:14, II (2018)).

A "child-custody determination" is a "judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child," and "includes a permanent, temporary, initial, and modification order," but not "an order relating to child support or other monetary obligation of an individual."  Id.  For a child who is at least six months of age, the child's "home state" is "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child-custody proceeding."  RSA 458-A:1, VII (2018).

In dismissing the father's parenting petition, the trial court expressly found that the mother "credibly testified that she and the child are and have always been residents of Massachusetts, and that the child has never resided for six consecutive months in New Hampshire."  We have reviewed the record, and conclude that it supports these findings.  Although the father claims that

2

the mother was untruthful at the hearing, it was for the trial court to evaluate the credibility of the parties and to resolve conflicts in the evidence. In the Matter of Akin & Suljevic, 174 N.H. 743, 752 (2022); Yaman, 167 N.H. at 96. Because the evidence supports the trial court's findings that the child has been a resident of Massachusetts her entire life and has never resided in New Hampshire for six consecutive months, Massachusetts, and not New Hampshire, is the child's "home state" for purposes of the UCCJEA. See RSA 458-A:1, VII.

We reject the father's argument that the trial court erred because a different judge had denied the mother's earlier motion to dismiss. The trial court always has authority to reconsider and correct prior orders until the entry of final judgment, even those orders issued by different trial judges. Goudreault v. Kleeman, 158 N.H. 236, 249 (2009). The remaining arguments in the father's brief are either insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3